IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Michelle Rankin, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) 1:08-cv-0325-SEB-TAB |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Michelle Rankin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Michelle Rankin ("Rankin"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Auto Finance.

4. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, NCO was acting as a debt collector as to the debt it attempted to collect from Ms. Rankin.

## FACTUAL ALLEGATIONS

5. On January 14, 2008, Capital One Auto Finance sent Ms. Rankin a letter which stated that the amount of the delinquent consumer debt that she owed it was $12,477.08. A copy of this letter is attached as Exhibit A.

6. Only ten days later, Defendant NCO sent Ms. Rankin a collection letter demanding payment of the Capital One Auto Finance debt. NCO's letter, however, stated that Ms. Rankin owed $13,672.19: PRINCIPAL of $11,683.15, INTEREST of $1,544.04, and OTHER CHARGES of $445.00. A copy of this letter is attached as Exhibit B.

7. All of Defendant NCO's collection actions at issue in this matter occurred within one year of the date of this Complaint.

8. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e(2)(A) Of The FDCPA –**
**Falsely Representing The Amount Of The Debt**

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection

2

of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

11. Defendant's collection letter stated that the total balance due from Ms. Rankin was $13,672.19. Yet, only ten days earlier, Defendant NCO's client's letter stated that the amount of the debt was only $12,477.09. Defendant had no right to demand payment of $445.00 for the "OTHER CHARGES" and thus falsely stated the amount of the debt.

12. Moreover, Defendant NCO falsely sated the amount due for PRINCIPAL and INTEREST, since its own client, Capital One Auto Finance, had stated, only ten days earlier, that the amount of the debt was $12,477.08 (Exhibit A), or $1,195.11 less than the total amount set forth by Defendant NCO ($13,672.19) in its January 24, 2007 letter (Exhibit B). Thus, Defendant NCO falsely stated the amount of the debt, in violation of § 1692e of the FDCPA. See, Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003); Pickard v. Lerch, 2005 WL 1259629 (S.D. Ind. 2005).

13. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692g(a)(1) Of The FDCPA –**
**Failure To State Adequately The Amount Of The Debt**

14. Plaintiff adopts and realleges ¶¶ 1-8.

15. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

3

16.  Although Defendant's letter stated a total balance owed by Ms. Rankin, that amount was different from what Defendant's own client was attempting to collect only ten days earlier. Moreover, Defendant failed to specify what the $445.00 in "OTHER CHARGES" was for. Thus, Defendant has failed to state adequately the total amount of the debt it was seeking to collect, in violation of § 1692g(a)(1) of the FDCPA. See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000); Pickard v. Lerch, 2005 WL 1259629 (S.D. Ind. 2005).

17.  Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Michelle Rankin, prays that this Court:

1.  Declare that Defendant's debt collection actions violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Rankin, and against Defendant, for actual statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michelle Rankin, demands trial by jury.

Michelle Rankin,

By: _____
One of Plaintiff's Attorneys

Dated: March 12, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto    (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com